■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT MCCLAIN, Appellant. [61 NYS3d 882]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered May 19, 2015, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Tom, J.P., Richter, Andrias, Gesmer and Singh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO PEREZ, Appellant. [62 NYS3d 115]—

Judgment of resentence, Supreme Court, Bronx County (Ann M. Donnelly, J.), rendered February 24, 2015, resentencing defendant to an aggregate term of 10 years, with an aggregate term of 5 years' postrelease supervision, unanimously affirmed.

On this Court's remand for resentencing (123 AD3d 592 [1st Dept 2014], lv denied 25 NY3d 1169 [2015]), the court properly exercised its discretion in denying defendant's request for youthful offender treatment. Without a showing of mitigating factors, defendant would be ineligible due to his convictions of armed felonies in this case (see CPL 720.10 [2] [a] [ii]; [3]). Defendant's principal claim of mitigation is essentially a justification defense, but on the prior appeal this Court has already found that a justification charge would not have been supported by any reasonable view of the evidence and that counsel was not ineffective for failing to raise such a defense (123 AD3d at 593). The remaining mitigating factors cited by defendant, including his family support, employment history, deportation risk, and lack of a prior record, do not "bear directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i]). "In any event, regardless of defendant's eligibility, youthful offender treatment was not warranted" (People v Jordan, 143 AD3d 524, 525 [1st Dept 2016], lv denied 28 NY3d 1125 [2016]), in light of the heinousness of the crime, which involved shooting two people, causing extensive injuries to one of them.

We also perceive no basis for reducing the sentence. Concur—Tom, J.P., Richter, Andrias, Gesmer and Singh, JJ.